# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

SHARON MECHELE GRIFFIN, )
)
    Claimant, )
)
v. ) Case No. CV411-320
)
MICHAEL J. ASTRUE, )
*Commissioner of Social Security*, )
)
    Defendant. )

## **REPORT AND RECOMMENDATION**

On November 14, 2007, at the age of 38, claimant Sharon Mechele Griffin claimed that she qualified for a period of disability and disability insurance benefits due to breast cancer, post double mastectomy. She also experienced right arm and lower back pain along with depression. (Tr. 162-69, 224.) Her application was denied both initially and on review. (Tr. 50, 51, 53-56.) An Administrative Law Judge ("ALJ") conducted a hearing on February 1, 2011 (tr. 23-49), and entered an order denying Griffin's benefits application on February 16. (Tr. 8-17.) The Appeals Council denied her request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-7.) Griffin then

filed a complaint for judicial review in this Court, contending that the ALJ erred in reaching his decision. (Doc. 1.)

I. **STANDARD OF REVIEW**

Affirmance of the ALJ's decision is mandatory if his conclusions are supported by substantial evidence and based upon an application of correct legal standards. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). "Substantial evidence is something more than a mere scintilla, but less than a preponderance." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation marks and citations omitted). It "is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quotation marks and citations omitted). If substantial evidence supports the decision, the Court will affirm "[e]ven if the evidence preponderates against the Commissioner's findings." *Id.* at 1158-1159. This Court cannot substitute its judgment for that of the Commissioner. *Barnes v. Sullivan*, 932 F.2d 1356, 1357-1358 (11th Cir. 1991).

The burden of proving disability lies with the claimant. 20 C.F.R. § 404.1512; *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). To determine whether she has met her burden, the Court looks to the five-step evaluation process set forth in the Social Security Regulations. 20 C.F.R. § 416.920; *Dixon v. Astrue*, 312 F. App'x 227, 227-28 (11th Cir. 2009); *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). At step one, the claimant must prove that she has not engaged in substantial gainful activity. *Jones*, 190 F.3d at 1228. At step two, she must demonstrate a severe impairment or combination of impairments. *Id.* Then, at step three, if the claimant's impairment meets or equals a listed impairment, she is automatically found disabled. *Id.* If not, she must advance to step four, which requires her to prove an inability to perform past relevant work. *Id.* If she cannot perform past relevant work, stage five shifts the burden to the Commissioner to show that "there is other work available in significant numbers in the national economy that the claimant is able to perform." *Id.*

## II. ANALYSIS

After reviewing the medical record and evaluating the testimony offered at the hearing, the ALJ found at step two that claimant's severe

3

disabilities included hip bursitis, chondromalacia[1] of the right knee, status post breast mastectomies, affective disorder, and drug and alcohol abuse. (Tr. 10.) These impairments, however, did not meet a listing at step three. (Tr. 10-11.) Hence, he determined at step four that she retained the ability

> to perform sedentary work as defined in 20 CFR 404.1567(a) except she can sit for 30-45 minutes continuously for a total of 8 hours, and can walk/stand for 20-30 minutes continuously for a total of 2 hours out of an 8 hour workday. She should avoid climbing ladders, ropes, and scaffolds, and crawling. She can occasionally stoop, crouch, kneel, and climb stairs. She should avoid prolonged overhead reaching with her right dominant arm. She is capable of frequent handling and fingering with her right hand, and constant handling and fingering with the left. She is able to perform repetitive short-cycle and low end detailed work (SVP1-3).

(Tr. 11-12.) He further found that she was unable to return to her work as a certified nursing assistant or janitor (tr. 14; tr. 196 (employment history)), and she lacked the ability to perform a full range of jobs. Consequently, he could not find her to be "not disabled" without further inquiry. (Tr. 16.)

---

[1] Chondromalacia patellae is a condition defined by soft cartilage under the knee cap. STEDMAN'S MEDICAL DICTIONARY 332 (26th ed. 1995)

4

He then questioned a vocational expert ("VE") to determine whether Griffin retained the residual functional capacity to perform any work. He specifically asked the VE:

> Now, suppose that we have an individual who in all relevant terms is age 42 and under, has high school education plus additional training as a CNA, past relevant work as described. This individual would be able to lift and carry at least ten pounds occasionally, frequently lighter, be able to sit approximately 30, 45 minutes at a time, eight total in a workday, be able to walk and stand 20, 30 minutes at a time at least two hours total in a workday. . . . Would there be . . . work [other than her past relevant work] such an individual could perform?

(Tr. 47-48.) The VE responded that there were sedentary occupations that claimant could perform, including telephone clerk, account clerk, order clerk, and others. (Tr. 48.) Too, such jobs were available in the local and national economy. (*Id.*) Hence, a finding of "not disabled" at step five was appropriate. (Tr. 16.)

Claimant contends that her case must be remanded since the ALJ erred in reaching his determination in two regards: (1) the ALJ's residual functional capacity assessment did not perfectly mirror the hypothetical he asked the VE, and (2) the ALJ failed to indicate explicitly whether claimant could perform sit-stand work over the course of an eight-hour workday.

5

There is admittedly a discrepancy between the hypothetical posed to the VE and the step-four residual functional capacity analysis, but it is so minor as to be inconsequential. In the ALJ's question to the VE, he said claimant could sit "30,45 minutes at a time . . . eight total in a workday, [and] be able to walk and stand 20, 30 minutes at a time at least two hours total in a workday" (tr. 47), but in formulating claimant's residual functional capacity, he stated that claimant could sit for 30-45 minutes at a time throughout an eight *hour* workday and could stand and walk 20-30 minutes continuously for two hours daily. (Tr. 11.) The Court is certain that the ALJ's question to the VE was meant to convey, and was in fact construed, as 30-45 minutes at a time for eight total "hours," not eight "times." Indeed, sedentary work is, by definition, the ability to perform a job with no more than two hours of standing and six hours of sitting in an eight-hour workday. 20 C.F.R. § 404-1567(a); S.S.R. Ruling 83-10 (interpreting § 404-1567(a)); *Lapica v. Comm'r of Soc. Sec'y*, 2012 WL 6571081 at *3 (11th Cir. Dec. 14, 2012) (citing *Kelley v. Apfel*, 185 F.3d 1211, 1214 n.2 (11th Cir. 1999).

The VE could not have construed the question otherwise. If claimant could only sit for 30-45 minutes eight "times" a day, she would,

6

at the low end of that measure, only be capable of sitting for four hours and standing and walking for two. As claimant asserts, that leaves two hours in a standard workday unaccounted for. (Doc. 11 at 2.) Had the VE construed the hypothetical in such a fashion, it would have rendered claimant incapable of completing an eight hour workday, and she would thus be disabled. But this argument is based upon a strained reading of the record. Since the hypothetical conveyed all of the necessary information and the VE properly interpreted it, there was no need for the ALJ to explicitly define the work day as eight hours long or to specify that claimant was capable of sitting for 30-45 minutes at a time any number of times over the course of an eight-hour day.[2]

But even assuming that the ALJ erred by failing to "precisely set out the claimant's individual physical and mental impairments"[3] in his hypothetical to the VE, or by failing to ask explicitly whether claimant

---

[2] Moreover, as the Commissioner points out, claimant was given the opportunity to question the VE to clarify any ambiguities. (Tr. 49.) The failure to do so cuts against her. *Cf. Hass v. Barnhart*, 91 F. App'x 942, 947-48 (5th Cir. 2004) ("[C]laimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing.").

[3] CAROLYN A. KUBITSCHEK & JON C. DUBIN, SOCIAL SECURITY DISABILITY LAW AND PROCEDURE IN FEDERAL COURT § 3:101 (2013 ed.).

was capable of working an eight-hour day, such "errors" were, at worst, harmless. Harmless error analysis applies where substantial evidence supports the ALJ's conclusions and some legal error occurred that was not case dispositive. *E.g.*, *Carson v. Comm'r of Soc. Sec. Admin.*, 300 F. App'x 741, 746 n.3 (11th Cir. 2008) (applying harmless error analysis to social security appeals where the record does not indicate that a legal error "affected the ALJ's decision"); *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (same); *see also Shinseki v. Sanders*, 556 U.S. 396, 407-12 (2009) (explaining harmless error in two Veterans Administration cases). Here, the ALJ's "error" in failing to convey *perfectly* claimant's residual functional capacity was not case dispositive because the VE still construed it in a manner that "comprise[d] all of the claimant's impairments" as expressed in the ALJ's residual functional capacity assessment. *Sullivan v. Comm'r of Soc. Sec.*, 353 F. App'x 394, 397 (11th Cir. 2009); *Vega v. Comm'r Soc. Sec.*, 265 F.3d 1214, 1220 (11th Cir. 2001). Hence, the error was harmless.

## III. CONCLUSION

Based on the foregoing, the Commissioner's decision denying benefits should be **AFFIRMED**.

**SO REPORTED AND RECOMMENDED** this 20TH day of February, 2013.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA