IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

SHARON MECHELE GRIFFIN,           )
                                  )
     Plaintiff,                   )
                                  )
v.                                )     CASE NO. CV411-320
                                  )
MICHAEL J. ASTRUE,                )
Commissioner of Social            )
Security,                         )
                                  )
     Defendant.                   )
                                  )

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 12), to which objections have been filed (Doc. 14). After a careful de novo review of the record, the Court finds Plaintiff's objections to be without merit. Accordingly, the report and recommendation is **ADOPTED** as the Court's opinion in this case and Plaintiff's appeal is **DISMISSED**. The Clerk of Court is **DIRECTED** to close this case.

In her objections, Plaintiff contends that the Administrative Law Judge ("ALJ") "failed to develop the facts in his incomplete and ambiguous hypothetical question" as well as finding that Plaintiff's residual functional capacity allowed for other work. (Doc. 14 at 3.) However, after a careful review of the record, these

objections are without merit. The hypothetical posed to the Vocational Expert conveyed all of the necessary information, which was properly interpreted by the Vocational Expert. The ALJ asked the Vocational Expert the following:

> Now, suppose that we have an individual who in all relevant terms is age 42 and under, has high school education plus additional training as a CNA, past relevant work as described. This individual would be able to lift and carry at least ten pounds occasionally, frequently lighter, be able to sit approximately 30, 45 minutes at a time, eight total in a workday, be able to walk and stand 20, 30 minutes at a time at least two hours total in a workday. . . . Would there be work [other than her past relevant work] such an individual could perform?

(Doc. 12 at 5.) The Vocational Expert answered that there were sedentary occupations that claimant could perform, including telephone clerk, account clerk, order clerk, and others. (Id.) Moreover, the Vocational Expert opined that such jobs were available in the national and local economy. (Id.) Plaintiff was given the opportunity to question the Vocational Expert to clarify any ambiguity to this line of questioning about the residual functional capacity. She did not do so. The Court finds that the record does not demonstrate any ambiguity in the residual functional capacity because the ALJ's question to the Vocational Expert was developed, construed, and answered properly.

Any discrepancy is, as the Magistrate Judge has found, "so minor as to be inconsequential." (Doc. 12 at 6.)[1]

SO ORDERED this 15th day of March 2013.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court also notes, as does the report and recommendation, that any error did not prejudice the Plaintiff and is harmless. (Doc. 12 at 7-8.) See Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1983). Plaintiff also argues that the decision was not supported by substantial evidence. (Doc. 14 at 2 n.1, 3.) Nowhere in Plaintiff's objections, however, does Plaintiff further explain these allegations. After a review of the record, the Court disagrees—there was substantial evidence presented to support the ALJ's decision.

3